United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 19-21927-Civ-Scola |
| ) | |
| Lesly J. Augustin a/k/a Jean ) | |
| Augustin, Defendant. | |

### **Opinion Order Granting Motion for Summary Judgment**

The United States of America (the "Government") brings this action to recover money owed on promissory note securing student loans borrowed by the Defendant Lesly J. Augustin a/k/a Jean Augustin ("Augustin"). (ECF No. 1.) Augustin answered the complaint and did not assert any affirmative defenses. (ECF No. 7.)

Now before the Court is the Government's motion for summary judgment. (the "Motion," ECF No. 12.) Augustin did not respond to the Motion and her time to do so has passed. Having considered the Motion, the record in this case and the applicable law, the Court **grants** the Motion (**ECF No. 12**) as follows.

### **1. Statement of Undisputed Facts**

Because Augustin failed to respond to the Motion, the Court treats the facts proffered by the Government as undisputed. Fed. R. Civ. P. 56(e)(2) (where a party fails to properly address another party's assertion of fact, the court may treat that fact as undisputed in resolving a motion for summary judgment); S.D. Fla. L.R. 56.1(b) ("All material facts set forth in the movant's statement filed and supported as required above will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record."). The following is a summary of only those undisputed facts that are material to this opinion.

In 2004, Augustin executed a promissory note (the "Note," ECF No. 12-1 at p. 4) to secure student loans guaranteed by the United States Department of Education (the "Department") in the amount of $49,545.79 at 4.375% interest per year. (ECF Nos. 12-1, 12-2.) In the Note, Augustin agreed to pay the Department "all sums . . . disbursed under" the loans and understood that she would incur additional "collection costs including but not limited to attorney's fees and court costs" if she "fail[ed] to make payments on this note when due."

(ECF No. 12-1 at p. 4.) Augustin signed the Note on September 22, 2004. (*Id.*) Loan funds were disbursed on October 11, 2004. (ECF No. 12-2.)

Augustin paid down $180.64 in principal on the Note. (*Id.*) The Department demanded payment and Augustin defaulted on the note on November 18, 2006. (*Id.*) Since then, $2,596.75 in unpaid interest was capitalized and added to principal balance, as permitted under federal law. (*Id.*) As of December 28, 2018, $52,142.54 in principal and $26,858.37 in interest remained outstanding on the Note. (*Id.*) Augustin's total debt to the Government as of December 28, 2018 was $79,000.91, accruing additional interest at a rate of $6.25 per day. (*Id.*)

On May 13, 2019, the Government filed this lawsuit seeking to collect amounts owed under the Note. (ECF No. 1.) Augustin answered the complaint on June 7, 2019, and did not contest any facts alleged in the complaint or assert any affirmative defenses. (ECF No. 7.) Thereafter, the Government moved for summary judgment on this case. (ECF No. 12.) Augustin did not respond to the Motion and her time to do so has passed.

## 2. **Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56, "summary judgment is appropriate where there 'is no genuine issue as to any material fact' and the moving party is 'entitled to a judgment as a matter of law.'" *See Alabama v. North Carolina,* 130 S. Ct. 2295, 2308 (2010) (quoting Fed. R. Civ. P. 56(a)). At the summary judgment stage, the Court must view the evidence in the light most favorable to the nonmoving party, *see Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158-59 (1970), and it may not weigh conflicting evidence to resolve disputed factual issues, *see Skop v. City of Atlanta, Ga.,* 485 F.3d 1130, 1140 (11th Cir. 2007). Yet, where the record could not lead a rational trier of fact to find in the nonmovant's favor, there is no genuine issue of fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

Generally, "[o]nce the moving party has met its burden of showing a basis for the motion, the nonmoving party is required to 'go beyond the pleadings' and present competent evidence designating 'specific facts showing that there is a genuine issue for trial.'" *United States v. $183,791.00,* 391 F. App'x 791, 794 (11th Cir. 2010) (citation omitted). Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but [ ] must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (citation omitted).

### 3. The Government is Entitled to Summary Judgment

"To recover on a promissory note for a federally-insured student loan, the U.S. government [is] required to show: (1) the defendant signed the note; (2) the U.S. government is the present owner and holder of the note; and (3) the note is in default." *United States v. Romero*, 562 F. App'x 943, 948 (11th Cir. 2014).

Here, there is no dispute that Augustin signed the note, (ECF No. 12-1 at p. 4); that payment under the Note is presently due to the Government, the original Note holder, (*id.*; ECF No. 12-2); and that Augustin defaulted on the Note in November 2006, (ECF No. 12-2).

The Government is therefore entitled to summary judgment. *Romero*, 562 F. App'x at 948.

### 4. Conclusion

In sum, the Court **grants** the Motion (**ECF No. 12**) and enters summary judgment for the Government on this case. Judgment will be entered by separate order. The **Clerk** is directed to **close** this case. All pending motions, if any, are denied as moot.

**Done and ordered** in chambers, at Miami, Florida, on July 25, 2019.

_____
Robert N. Scola, Jr.
United States District Judge